**COHELAN KHOURY & SINGER**
Timothy Cohelan (SBN 60827)
tcohelan@ckslaw.com
Isam C. Khoury (SBN 58759)
ikhoury@ckslaw.com
Kristina De La Rosa (SBN 279821)
kdelarosa@ckslaw.com
605 C Street, Suite 200
San Diego, CA 92101
Telephone: (619) 595-3001/Facsimile: (619) 595-3000

**CARPER LAW, PLLC**
Jamie L. Carper (SBN 337225)
3651 Lindell Road, Suite D1211
Las Vegas, NV 89103
Telephone: (702) 582-9374
jamie@carperlawfirm.com

**LAW OFFICE OF JOSHUA M. CINTAS**
Joshua M. Cintas (SBN 334594)
10620 Treena Street, Suite 230 - #6821
San Diego, CA 92131
Telephone: (858) 395-2646
josh@lawofficeofjoshuamcintas.com

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY-LISA GUILLAUME, an individual; et al.<br><br>Plaintiffs,<br><br>v.<br><br>FIGHT AGE LABS, LLC, a Wyoming limited liability company; PHYTAGE LABS LLC, a Florida limited liability company; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:21−cv−09289 MCS (JPRx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND TO STATE COURT**<br><br>Date:      January 24, 2022<br>Time:      9:00 a.m.<br>Judge:     Mark C. Scarsi<br>Ctrm:      7C (7th Floor) |

# TABLE OF CONTENTS

*TABLE OF AUTHORITIES* ................................................................... *ii*

*I.    SUMMARY OF MOTION* ..........................................................*1*

*II.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY* .................*2*

*III.  LEGAL STANDARD FOR REMOVAL AND REMAND* ...........................*3*

*IV.   ARGUMENT* ...............................................................................*4*

   **A.   Removal Is Improper Because Plaintiffs' Separate And Distinct Claims Cannot Be Aggregated To Meet The Amount In Controversy To Confer Diversity Jurisdiction** .........................................................**4**

   **B.   The Court Does Not Have Jurisdiction And Should Remand This Case To State Court Because Plaintiffs Did Not Plead An Injury-In-Fact**.............**8**

   **1. Plaintiffs did not plead an injury in fact to establish standing under Article III of the U.S. Constitution.** ....................................**8**

   **C.   If There Is No Standing, Then There Is No Jurisdiction.** ........................**13**

*V.    CONCLUSION* .............................................................................*14*

## <u>TABLE OF AUTHORITIES</u>

**CASES**

*Am. Civil Liberties Union of Nevada v. Lomax*, 471 F.3d 1010, 1015 (9th Cir. 2006) ................................................................................................8

*ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Montana*, 213 F.3d 1108, 1113 (9th Cir. 2000) ...................................................4

*Blanchard v. Fluent LLC*, 2018 WL 4373099 (N.D. Cal. Sep. 13, 2018) .........12, 13

*Brady v. Mercedez-Benz USA, Inc.,* 243 F. Supp. 2d 1004, 1010 (N.D. Cal. 2002) .6

*Cetacean Cmty. v. Bush,* 386 F.3d 1169, 1174 (9th Cir. 2004) ................................3

*Chavez v. JPMorgan Chase & Co*., 888 F.3d 413, 416 (9th Cir. 2018) ...............5, 6

*Durward v. One Technologies LLC,* 2019 WL 4930229 (C.D. Cal Oct. 3, 2019) ..12

*Eagle v. Am. Tel. & Tel. Co.,* 769 F.2d 541, 546 (9th Cir. 1985) ............................6

*Eichenberger v. ESPN, Inc*., 876 F.3d 979, 982 (9th Cir. 2017) .............................8

*Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546 (2005) ...................6

Fritsch v. Swift Transp. Co. of Ariz., LLC, 899 F.3d 785, 794 (9th Cir. 2018) .......5

*Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1156 (9th Cir. 1998) ........................5

*Garcia v. Kahala Brands, LTD.*, 2020 WL 256518, at *3 (C.D. Cal. Jan. 16, 2020) .............................................................................................4, 13

*Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ........................................3, 4

*Gibson v. Chrysler Corp.,* 261 F.3d 927, 944 (9th Cir. 2001) .................................6

*Greenberg v. Digital Media Solutions,* 2019 WL 1986758 (N.D. Cal. May 1, 2019) ...............................................................................................12

*Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) ....................3, 4

*In re Ford Motor Co./Citibank (S.D.), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001) ......5

*Lujan* v. *Defenders of Wildlife*, 504 U. S. 555, 560– 561 (1992) .............................8

*Matheson v. Progressive Specialty Ins. Co.,* 319 F.3d 1089, 1090 (9th Cir. 2003) .3, 5

*Mendoza v. Aldi Inc.*, 2019 WL 7284940, at *2 (C.D. Cal. Dec. 27, 2019)........4, 14

*Mendoza v. Pac. Theatres Entm't Corp.*, 2019 WL 6726088, at *3 (C.D. Cal. Dec. 10, 2019) ...............................................................................................4, 14

*Miranda v. Magic Mountain LLC*, 2018 WL 571914, at *3 (C.D. Cal. Jan. 25, 2018) ...........................................................................................................4, 14

*Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009)........3

*Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1262 (11th Cir. 2000) ................6

*Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1198 (9th Cir. 2016) .............4, 13

*Potrero Hill Cmty. Action Comm. v. Hous. Auth.,* 410 F.2d 974, 977 (9th Cir. 1969) .......................................................................................................................6

*Raines* v. *Byrd*, 521 U. S. 811, 819–820 (1997)......................................................8

*Robins v. Spokeo, Inc*., 867 F.3d 1108, 1112 (9th Cir. 2017), *cert. denied,* 138 S. Ct. 931 (2018)...................................................................................................9

*Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 404 (9th Cir. 1996) ...............5

*Silverstein v. Keynetics, Inc., et al*, 2018 WL 5795776 (C.D. Cal Nov. 5, 2018)...12

*Snyder v. Harris,* 394 U.S. 332, 335 (1969) ...........................................................6

*Spokeo*, 578 U. S., at 341 ......................................................................................10

*Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) .........................................8, 9

*Transunion, LLC v. Ramirez,* 594 U.S. __ (2021)......................................... passim

*Troy Bank v. G.A. Whitehead & Co.,* 222 U.S. 39, 40 (1911)..................................6

*Tyson Foods, Inc.* v. *Bouaphakeo*, 577 U. S. 442, 466 (2016)..............................14

*Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1042 (9th Cir. 2017) ....8, 13

## STATUTES

28 U.S.C. § 1331 ....................................................................................................3

28 U.S.C. § 1332 ...........................................................................................1, 3, 4, 7

28 U.S.C. § 1441 ....................................................................................................4

28 U.S.C. § 1444(a) ........................................................................3

28 U.S.C. § 1446(c)(2) ....................................................................5

28 U.S.C. § 1447(c) ...................................................................4, 14

Cal. Bus. & Prof. Code § 17529.5 ........................................... passim

Cal. Code of Civ. Pro. § 378 ..........................................................2

**CONSTITUTIONAL PROVISIONS**

Article III, § 2 of the United States Constitution ............................ passim

## I.   SUMMARY OF MOTION

Plaintiffs seek recovery of statutory damages arising out of Defendants' unlawful SPAM emails. Defendants have removed this Action from state court, claiming jurisdiction under 28 U.S.C. § 1332 and § 1441(B).  However, Defendants have failed to demonstrate (1) the amount in controversy exceeds the requisite $75,000, and (2) that the Plaintiffs have Article III standing.

The eleven Plaintiffs have alleged an aggregated amount in controversy of $199,000 for violations of Cal. Bus. & Prof. Code § 17529.5. However, none of the Plaintiffs' separate and distinct claims exceed the $75,000 threshold to confer diversity jurisdiction.

Further, in light of the recent U.S. Supreme Court decision in *Transunion, LLC v. Ramirez,* 594 U.S. __ (2021) 141 S.Ct. 2190 (*Transunion*), the Plaintiffs did not allege an injury-in-fact to confer Article III standing. *Transunion* states that in order to meet Article III standing, a Plaintiff must plead a concrete or particularized injury in fact. In this case, Plaintiffs did not allege any injury in fact which renders removal of this action from state court to federal court improper. The absence of an alleged injury in fact means that there is no Article III standing.

Defendants failed to present sufficient evidence that the amount in controversy exceeds $75,000, and that the Plaintiffs have Article III standing. Instead, Defendants only offered the Plaintiffs' aggregated demand as the amount in controversy—which is insufficient and renders removal of this Action improper. Since Defendants failed to meet their burden, all doubts should be resolved against removal jurisdiction, and this case should be remanded to state court.

///

///

///

///

///

## II.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On September 30, 2021, eleven California Plaintiffs who received a total of 199 spam emails in violation of Cal. Bus. & Prof. Code § 17529.5 filed a lawsuit against the advertiser in the spam emails, FIGHT AGE LABS, LLC and PHYTAGE LABS LLC ("Defendants"). As set forth in the complaint, Plaintiffs seek relief because each received similar spams in the same general time period relating to advertising Defendants' websites. Plaintiff Mary-Lisa Guillaume "received ten (10) of the spams." (ECF No. 1-4, Compl., ¶ 16). Plaintiff Ryan Artolachipe "received twenty-one (21) of the spams." (*Id.*, ¶ 17). Plaintiff Jessica Carmello "received three (3) of the spams." (*Id.*, ¶ 18). Plaintiff Cassondra Carper "received eight (8) of the spams." (*Id.*, ¶ 19). Plaintiff Michael Doren "received five (5) of the spams." (*Id.*, ¶ 20). Plaintiff Raven Evans "received twenty-three (23) of the spams." (*Id.*, ¶ 21). Plaintiff Ryan Garcia "received three (3) of the spams." (*Id.*, ¶ 22). Plaintiff Messiah Johnson "received five (5) of the spams." (*Id.*, ¶ 23). Plaintiff Robert Laich "received nineteen (19) of the spams." (*Id.*, ¶ 24). Plaintiff Bryce MacCharles "received forty (40) of the spams." (*Id.*, ¶ 25). Plaintiff Christopher Tijerina "received sixty-two (62) of the spams." (*Id.*, ¶ 26). The plaintiffs seek statutory damages of $1,000 for each spam email, "as authorized by Cal. Bus. & Prof. Code § 17529.5(b)(1)(B)(ii)." (*Id.*, at 25: 12-14). Plaintiffs also seek "reimbursement of reasonable attorneys' fees and costs as authorized by Cal. Bus. & Prof. Code § 17529.5(b)(1)(C)." (*Id.*, at 25: 12-14).

On or about November 24, 2021, Defendants removed this Action from state court to the U.S. District Court for the Central District of California.

Plaintiffs now timely file their Motion to Remand with this Memorandum of Points & Authorities in Support of Plaintiffs' Motion to Remand.

///

///

///

## III.   LEGAL STANDARD FOR REMOVAL AND REMAND

Removal of a civil action from state to federal court is appropriate only if the federal court has subject-matter jurisdiction over the matter. 28 U.S.C. § 1444(a). A federal court has subject-matter jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and "civil actions where the matter in controversy exceeds the sum or value of $75,000" and the action is between parties with complete diversity.  28 U.S.C. § 1332. In addition, federal courts lack subject-matter jurisdiction over claims asserted by litigants who lack standing. *Cetacean Cmty. v. Bush,* 386 F.3d 1169, 1174 (9th Cir. 2004) ("A suit brought by a plaintiff without Article III standing is not a case or controversy, and an Article III federal court therefore lacks subject matter jurisdiction over the suit." (internal quotation marks omitted)).

A motion to remand is the procedural means to challenge the removal of an action. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). Because federal courts are ones of limited jurisdiction, the removal statute is strictly construed, and any doubt as to the appropriateness of removal is resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

On a motion to remand, it is the removing defendants' burden to establish federal jurisdiction, and the court must strictly construe removal statutes against removal jurisdiction. *Id. at 566* ("The 'strong presumption' against removal jurisdiction means that the defendants always have the burden of establishing that removal is proper."); *see also Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (burden to establish that jurisdiction rests upon the party asserting jurisdiction). "Where doubt regarding the right to removal exists, a case should be remanded to state court." *Matheson v. Progressive Speciality Ins. Co.,* 319 F.3d 1089, 1090 (9th Cir. 2003). The "strong presumption" against removal jurisdiction means that the court "resolves all ambiguity in favor of remand to state court." *Id.* (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

"If a case is improperly removed, the federal court must remand the action because it has no subject-matter jurisdiction to decide the case." *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Montana*, 213 F.3d 1108, 1113 (9th Cir. 2000); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

In cases where the plaintiff lacks Article III standing, the default is to remand rather than dismiss. *See, e.g.*, *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1198 (9th Cir. 2016); *see also Garcia v. Kahala Brands, LTD.*, 2020 WL 256518, at *3 (C.D. Cal. Jan. 16, 2020) ("Given that Plaintiff lacks Article III standing, this case must be remanded to state court.") (citing *Polo*, 833 F.3d at 1196); *Mendoza v. Pac. Theatres Entm't Corp.*, 2019 WL 6726088, at *3 (C.D. Cal. Dec. 10, 2019) (same); *Mendoza v. Aldi Inc.*, 2019 WL 7284940, at *2 (C.D. Cal. Dec. 27, 2019) ("the literal words of [28 U.S.C.] § 1447(c) . . . on their face, give no discretion to dismiss rather than remand an action."); *Miranda v. Magic Mountain LLC*, 2018 WL 571914, at *3 (C.D. Cal. Jan. 25, 2018) ("Accordingly, the Court is without discretion in determining whether remand is appropriate and must remand the action."). For the reasons set forth below, this case was not properly removed and should be remanded to state court.

## IV.   ARGUMENT

### A.   Removal Is Improper Because Plaintiffs' Separate And Distinct Claims Cannot Be Aggregated To Meet The Amount In Controversy To Confer Diversity Jurisdiction

Federal courts have diversity jurisdiction where the amount in controversy exceeds $75,000 and the adverse parties are citizens of different states. 28 U.S.C. §§ 1332, 1441. Complete diversity of citizenship is required, *i.e.*, "the citizenship of each plaintiff [must be] different from that of each defendants." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009).

With regard to traditional diversity, the Ninth Circuit "strictly construes the removal statute against removal jurisdiction." See *Gaus v. Miles*, 980 F.2d 564, 566 (1992). Generally, "[i]f removal of a civil action is sought on the basis of [diversity jurisdiction], the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *See also Matheson v. Progressive Specialty Ins. Co.,* 319 F.3d 1089, 1090 (9th Cir. 2003) *see also Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 404 (9th Cir. 1996). Removal is proper on the basis of an amount in controversy asserted in the notice of removal "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the [statutory requirement]." *Id.*

Courts in the Ninth Circuit apply the "either viewpoint" rule to determine the amount in controversy. *In re Ford Motor Co./Citibank (S.D.), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001); *Sanchez v. Monumental Life Ins. Co*., 102 F.3d 398, 405 (9th Cir. 1996). "Under the 'either viewpoint' rule, the test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce." *In re Ford*, 264 F.3d at 958. "The amount in controversy may include damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes." *Chavez v. JPMorgan Chase & Co*., 888 F.3d 413, 416 (9th Cir. 2018) (internal quotation marks and citation omitted); *see also Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."); *see also Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018); *see also Brady v. Mercedez-Benz USA, Inc.,* 243 F. Supp. 2d 1004, 1010 (N.D. Cal.

2002). "In assessing the amount in controversy, [courts] may consider allegations in the complaint and in the notice of removal, as well as summary-judgment-type evidence relevant to the amount in controversy." *Chavez,* 888 F.3d at 416.

The traditional rule is that multiple plaintiffs who assert separate and distinct claims are precluded from aggregating them to satisfy the amount in controversy requirement. *Troy Bank v. G.A. Whitehead & Co.,* 222 U.S. 39, 40 (1911). In *Snyder v. Harris,* the Supreme Court applied that rule to representative actions, holding that the claims of class members can be aggregated to meet the jurisdictional amount requirement only when they "unite to enforce a single title or right in which they have a common and undivided interest." 394 U.S. 332, 335 (1969). To determine the character of that interest, courts look to "the source of plaintiffs' claims. If the claims are derived from rights that they hold in group status, then the claims are common and undivided. If not, the claims are separate and distinct." *Eagle v. Am. Tel. & Tel. Co.,* 769 F.2d 541, 546 (9th Cir. 1985).

But simply because claims may have "questions of fact and law common to the group" does not mean they have a common and undivided interest. *Potrero Hill Cmty. Action Comm. v. Hous. Auth.,* 410 F.2d 974, 977 (9th Cir. 1969). Only where the claims can strictly "be asserted by pluralistic entities as such," *id.,* or, stated differently, the defendant "owes an obligation to the group of plaintiffs as a group and not to the individuals severally," will a common and undivided interest exist, *Gibson v. Chrysler Corp.,* 261 F.3d 927, 944 (9th Cir. 2001) (quoting *Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1262 (11th Cir. 2000)).

A federal court has supplemental jurisdiction over claims of other co-plaintiffs who do not meet the jurisdictional amount for a diversity action, when at least one plaintiff in the action does satisfy the jurisdictional amount. *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546 (2005).

In this case, Defendants' Notice of Removal provides a deficient ground for removal because Plaintiff's claims cannot be aggregated to meet the amount in

controversy. Defendants allege that "This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because there is complete diversity between the parties and the amount in controversy exceeds $75,000.00, exclusive of costs and interest, but including statutorily authorized attorney's fees and Plaintiff's claim for liquidated damages in the Complaint." (ECF No. 1, Defendants' Notice of Removal, ¶¶ 7, 25, 26). However, as discussed below,  plaintiffs' separate and distinct claims cannot be aggregated to meet the amount in controversy threshold. As a result, the $75,000 amount in controversy threshold cannot be met by any one Plaintiff.

A closer look at each separate Plaintiff demonstrates that Defendant cannot meet the $75,000 threshold for any of the Plaintiff. There are eleven total Plaintiffs in this matter. Each Plaintiff alleges receipt of separate spam emails in violation of Cal. Bus. & Prof. Code § 17529.5. Plaintiff Mary-Lisa Guillaume "received ten (10) of the spams." (ECF No. 1-4, Compl., ¶ 16). Plaintiff Ryan Artolachipe "received twenty-one (21) of the spams." (*Id.*, ¶ 17). Plaintiff Jessica Carmello "received three (3) of the spams." (*Id.*, ¶ 18). Plaintiff Cassondra Carper "received eight (8) of the spams." (*Id.*, ¶ 19). Plaintiff Michael Doren "received five (5) of the spams." (*Id.*, ¶ 20). Plaintiff Raven Evans "received twenty-three (23) of the spams." (*Id.*, ¶ 21). Plaintiff Ryan Garcia "received three (3) of the spams." (*Id.*, ¶ 22). Plaintiff Messiah Johnson "received five (5) of the spams." (*Id.*, ¶ 23). Plaintiff Robert Laich "received nineteen (19) of the spams." (*Id.*, ¶ 24). Plaintiff Bryce MacCharles "received forty (40) of the spams." (*Id.*, ¶ 25). Plaintiff Christopher Tijerina "received sixty-two (62) of the spams." (*Id.*, ¶ 26). The plaintiffs seek $1,000 for each spam email, "as authorized by Cal. Bus. & Prof. Code § 17529.5(b)(1)(B)(ii)." (*Id.* at 25: 12-14). None of these emails were received as a group. The statutory damage is not an obligation owed to all Plaintiffs as a group. Rather, each Plaintiff is owed a statutory damage severally based on the number of unlawful spams each received.  Since each of the plaintiff's claims are separate and distinct—the claims cannot be aggregated to meet the amount in controversy requirement to confer diversity jurisdiction.

1   Since the Defendants have not shown that the amount in controversy is met,
2   this Court does not have subject-matter jurisdiction and the matter must be
3   remanded.

4   **B. <u>The Court Does Not Have Jurisdiction And Should Remand This Case</u>**
5   **<u>To State Court Because Plaintiffs Did Not Plead An Injury-In-Fact.</u>**

6   **1. Plaintiffs did not plead an injury in fact to establish standing under**
7   **Article III of the U.S. Constitution.**

8   Article III standing does not exist in this case because Plaintiffs did not plead
9   a concrete injury. Article III confines the federal judicial power to the resolution of
10  "Cases" and "Controversies" in which a plaintiff has a "personal stake." *Transunion*
11  *LLC v. Ramirez,* 594 U.S. ___, 7 (2021); 141 S.CT. 2190 (citing *Raines* v. *Byrd*, 521
12  U. S. 811, 819–820 (1997)). "Standing is an essential component of the case or
13  controversy requirement of Article III, § 2 of the United States Constitution." *Am.*
14  *Civil Liberties Union of Nevada v. Lomax*, 471 F.3d 1010, 1015 (9th Cir. 2006)
15  (internal quotation marks and citation omitted). In order to have Article III standing,
16  "a plaintiff must show (i) that he suffered an injury in fact that is concrete,
17  particularized, and actual or imminent; (ii) that the injury was likely caused by the
18  defendant; and (iii) that the injury would likely be redressed by judicial relief." *Id.*
19  (citing *Lujan* v. *Defenders of Wildlife*, 504 U. S. 555, 560– 561 (1992)); *see also*
20  *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1042 (9th Cir. 2017)
21  (citing *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016)) (internal quotation
22  marks and alteration omitted). "Central to assessing concreteness is whether the
23  asserted harm has a 'close relationship' to a harm traditionally recognized as
24  providing a basis for a lawsuit in American courts—such as physical harm, monetary
25  harm, or various intangible harms []." *Id* at 1 (citing *Spokeo, Inc.* v. *Robins*, 578 U.
26  S. 330, 340–341 (2016)); *see also Eichenberger v. ESPN, Inc*., 876 F.3d 979, 982
27  (9th Cir. 2017).  When concerning statutory violations, only plaintiffs concretely
28  harmed by a defendant's statutory violation have Article III standing to seek

damages against that private defendant in federal court. *See Am. Civil Liberties Union of Nevada,* 471 F.3d at 1015. "No concrete harm, no standing." *Transunion,* 594 U.S. at __, at *1.

Here, Plaintiffs seeks only statutory damages for the violations of the relevant statutes. (ECF No. 1-4, Compl., ¶ 12). Because Plaintiffs seek redress pursuant to a statutory violation, Plaintiffs must plead that they were actually harmed in order to have Article III standing. However, Plaintiffs did not plead that they suffered any actual harm or injury as a result of the unlawful spam emails. Indeed, Plaintiffs affirmatively pled that they did not have to plead actual harm and that they were not seeking recovery for any actual injury. (ECF No. 1-4, Compl., ¶ 12). Defendant cannot identify any part of the complaint where Plaintiffs alleged they suffered an injury that was concrete or particularized as a result of the violations Defendants committed. The absence of pleading an injury in fact means that Defendants cannot meet its burden to show that Plaintiffs have standing to confer this Court with jurisdiction.

A complaint seeking recovery of statutory damages does not equate to pleading a concrete injury sufficient to prove Article III standing. "Article III standing requires a concrete injury even in the context of a statutory violation." *Transunion,* 594 U.S. ___, at *1. "For an injury to be particularized, it must affect the plaintiff in a personal and individual way." *Spokeo*, 136 S. Ct. at 1548. "[A] plaintiff does not automatically satisfy the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right. Even then, Article III standing requires a concrete injury." *Robins v. Spokeo, Inc*., 867 F.3d 1108, 1112 (9th Cir. 2017), *cert. denied,* 138 S. Ct. 931 (2018) (internal quotation marks, citations and alteration omitted).

Section 17529.5 of the California Business and Professions Codes is a statute which confers a right for Plaintiffs to recover set damages as a result of the violation of the rules set forth therein. Because this is a statutory right, Plaintiffs must prove

some actual harm they suffered as a result of the violation of the statute. They did not do so.  If Plaintiffs had pled that they suffered some type of actual monetary harm due to the unlawful emails, then it would be true that they plead a concrete injury. A review of the content of the complaint shows that they did not.  The absence of pleading of concrete injury means that there is no Article III standing and this case should be remanded.

The fact that lawmakers instituted a statute that allows for Plaintiffs to recover statutory damages for a violation of a law does not confer Article III standing. In determining whether a harm is sufficiently concrete to qualify as a concrete injury in fact, Congress's views may be "instructive." *See Transunion,* 594 U.S. ___, at p. *10; *see Spokeo, Inc.*, 578 U. S., at 341. "[E]ven though Congress may 'elevate' harms that 'exist' in the real world before Congress recognized them to actionable legal status, it may not simply enact an injury into existence, using its lawmaking power to transform something that is not remotely harmful into something that is." *Transunion,* 594 U.S. __, at *10 (internal citations omitted). The U.S. Supreme Court "has rejected the proposition that 'a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id.* (citing *Spokeo*, 578 U. S., at 341). "Congress's creation of a statutory prohibition or obligation and a cause of action does not relieve courts of their responsibility to independently decide whether a plaintiff has suffered a concrete harm under Article III []." *Id. "*Only those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court." *Id.* at 11. Plaintiffs did not plead any concrete harm, and rather affirmed they confirmed that they waive any actual injury recovery. (ECF No. 1-4, Compl., ¶ 12). Accordingly, there is no Article III standing to confer jurisdiction to this Court.

Even though the applicable statute allows for recovery of both statutory penalties and redress for actual injury, the absence of pleading the latter means that

there is no Article III standing. In *Transunion, LLC v. Ramirez,* 594 U.S. __ (2021), a plaintiff sought recovery of statutory penalties on behalf of 8,185 class members due to formatting defects in their respective credit reports and actual damages on behalf of 1,853 whose had credit reports contained incorrect information which was then sent to third parties. *Transunion*, 594 U.S. ___, at p *2200. The United States Supreme Court addressed the issue of whether Plaintiff had pled standing on behalf of the class members who did not suffer an actual harm due to the unlawful formatting errors. *Id.* at *220315.  The Court held there was no Article III standing for the 8,185 class members affected by the formatting errors because those class members did not suffer any physical or monetary harm. *Id*. at *2214.  This contrasted with the ruling that the 1,853 consumers whose credit reports were disseminated to third parties, and thus did suffer an actual injury in the form of reputational harm – which was personal and concrete. *Id*. at *2209. The fact that there was a statutory penalty associated with the formatting violations did not equate to actual injury because the larger 8,185 class did not suffer actual monetary or physical harm. *Id*. at *2214.  No standing existed. *Id*.

Similarly here, Plaintiffs are only seeking damages for statutory violations and not damages for any actual concrete harm suffered. They did not plead they suffered physical or monetary harm arising out of the transmission of the unlawful spam. The recovery of $1,000 per e-mail is not in relationship to harm they actually suffered. Rather they seek this amount because it is the amount set by statute for the transmission of the unlawful spam e-mail.  Article III of the U.S. Constitution allows Plaintiffs to seek redress only for actual harm in federal courts. Since Plaintiffs are not seeking redress for actual harm, they do not have Article III standing.

The cases decided by the Central District of California holding that alleging a violation of Cal. Bus. & Prof. Code. § 17529.5(a) is sufficient to confer Article III standing should not be followed because they were decided prior to the U.S. Supreme Court decision in the *Transunion* case and directly conflict with that

binding decision. *See Durward v. One Technologies LLC,* 2019 WL 4930229 (C.D. Cal Oct. 3, 2019); *see Silverstein v. Keynetics, Inc., et al*, 2018 WL 5795776 (C.D. Cal Nov. 5, 2018). In both cases, the Court held that Cal. Bus. & Prof. Code. § 17529.5 codifies a substantive right, and therefore there is no need for a plaintiff to allege additional harm for Article III standing. *See Silverstein* at \*7; *see Durward* at \*1. However, the U.S. Supreme Court in *Transunion* directly rejected that holding and underlying rationale. Specifically, an uninjured plaintiff who is merely seeking to ensure Defendant's compliance with the law and recover the statutory damage does not have Article III standing. *Transunion*, 594 U.S. ___, p. \*2206. This situation addressed by d is analogous to the facts here. Plaintiffs have not alleged they were harmed by the violation and instead, only seek recovery the statutory damages to ensure Defendant's compliance with the law. As a result, Plaintiffs do not have Article III standing.

Rather, the decisions by the Northern District of California provide better guidance that neither a state nor Congress can legislate to broaden the scope of jurisdiction set by the U.S. Constitution. The fact that the statutory penalties available derive from a state law does not alter the ultimate holding of *Transunion*. *See Greenberg v. Digital Media Solutions,* 2019 WL 1986758 (N.D. Cal. May 1, 2019); s*ee Blanchard v. Fluent LLC*, 2018 WL 4373099 (N.D. Cal. Sep. 13, 2018). For example, in *Greenberg,* the plaintiffs brought an action in state court for their receipt of emails that they alleged violated Cal. Bus. & Prof. Code. § 17529.5 and the defendant removed the case based on diversity. *Id.* at 1. The Plaintiffs moved for remand arguing that "because they were not deceived, and because they were not injured by the spam in any other way, there [was] no Article III standing." *Id.* The defendant made arguments similar to those in *Durward* and *Silverstein*— specifically, "that § 17529.5 establishes a substantive right to be free from email spam, which is the type of injury that automatically gives rise to Article III standing, much like the Telephone Consumer Protection Act establishes a private right of

action, cognizable in federal court, for the nuisance of receiving unwanted calls from automated dialing systems," relying on *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037 (9th Cir. 2017). *Id.* However, the Court disagreed with defendants, reasoning that "[17529.5] does not target spam as a general nuisance; it singles out deceptive spam. . . . [T]he conduct targeted by the actual language of the statute (and the only conduct the statute could permissibly target, because of federal preemption) is the transmission of misleading spam." *Id.* The Court in *Greenberg* remanded the case to state court since "the plaintiffs [did] not . . . suffer[] the injury the statute sets out to redress, because they were not deceived by the spam." *Id.* Similarly, in *Blanchard v. Fluent LLC,* the Court ruled that 17529.5 "only prohibits false or misleading advertising," and the purpose is "to **protect** against harm caused by the content of commercial speech, not the willingness with which it was received." 2018 WL 4373099 at *2 (N.D. Cal. Sept. 13, 2018) (emphasis added). "Where . . . a plaintiff brings a claim under a statute prohibiting the making of false or misleading commercial speech, courts have found the plaintiff, to have standing, must allege an injury caused by such speech." *Id.*

 Here, like *Greenburg* and *Blanchard*, the Plaintiffs have not pleaded actual harm because the Plaintiffs have not alleged and the record does not reflect that they were deceived by the spam. Since the Plaintiffs have not alleged actual harm they have not pleaded an injury-in-fact—which is required for a federal court to confer Article III standing.  Therefore, this Court should remand this matter to state court.

## C. <u>If There Is No Standing, Then There Is No Jurisdiction.</u>

 Because an injury-in-fact has not been alleged, Article III standing does not exist and this Court does not have jurisdiction. This means that this Court should remand this matter to state court. In cases where the plaintiffs lack Article III standing, the default is to remand rather than dismiss. *See, e.g.*, *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1198 (9th Cir. 2016); *see also Garcia v. Kahala Brands, LTD.*, 2020 WL 256518, at *3 (C.D. Cal. Jan. 16, 2020) ("Given that Plaintiff lacks

Article III standing, this case must be remanded to state court.") (citing *Polo*, 833 F.3d at 1196); *Mendoza v. Pac. Theatres Entm't Corp.*, 2019 WL 6726088, at *3 (C.D. Cal. Dec. 10, 2019) (same); *Mendoza v. Aldi Inc.*, 2019 WL 7284940, at *2 (C.D. Cal. Dec. 27, 2019) ("the literal words of [28 U.S.C.] § 1447(c) . . . on their face, give no discretion to dismiss rather than remand an action."); *Miranda v. Magic Mountain LLC*, 2018 WL 571914, at *3 (C.D. Cal. Jan. 25, 2018) ("Accordingly, the Court is without discretion in determining whether remand is appropriate and must remand the action."). "Article III does not give federal courts the power to order relief to any uninjured plaintiff []." *Transunion,* 594 U.S. __, *2208 (citing *Tyson Foods, Inc.* v. *Bouaphakeo*, 577 U. S. 442, 466 (2016)). The absence of standing means this Court does not have jurisdiction in this case and cannot order relief or either party. Accordingly, this case should be remanded back to state court.

## V.   CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court grant the motion to remand this case to state court.

Dated: December 22, 2021

Respectfully submitted,

COHELAN KHOURY & SINGER
CARPER LAW, PLLC
LAW OFFICE OF JOSHUA M. CINTAS

By:  s/ Kristina De La Rosa
  Kristina De La Rosa
  Attorney for Plaintiffs